■ Saul S. Cohen, Appellant, v Ark Asset Holdings, Inc., Respondent. [755 NYS2d 37] —Order and judgment (one paper), Supreme Court, New York County (Ira Gammerman, J.), entered March 12, 2002, which granted respondent's application to confirm the arbitrator's award and to dismiss the petition brought pursuant to CPLR article 78, and declared, inter alia, that the redemption by respondent of petitioner's shares was effective and awarded respondent attorneys' fees pursuant to previous orders (same court and Justice), entered on or about November 5, 2001 and March 11, 2002, brought up for review by the judgment, unanimously affirmed, with costs. Appeals from the aforesaid prior orders unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Contrary to appellant former shareholder's contention,

Supreme Court fulfilled its role in determining, correctly, that the arbitrator's award was not irrational, contrary to public policy, or in manifest disregard of the law (*see Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 155 [1995]). Her determination that redemption was authorized was rational because, inter alia, petitioner's cessation of services to respondent rendered him outside respondent's intent to provide the benefits of financial growth to employees or persons otherwise part of the corporate family. It was also rational for the arbitrator to determine that the parties' 1991 waiver agreement did not preclude the redemption, either because the 1991 agreement was limited to only one of the events triggering redemption or because it had been effectively superseded by a subsequent shareholder agreement applicable to the broad category of the "subject matter" therein, plainly including redemptive rights.

Nor did the award violate any public policy against minority shareholder freezeouts. The contention that the award violated the policy behind the shareholder's common-law right of inspection is unavailing in view of petitioner's adjudicated nonshareholder status.

Finally, the correction of the arbitration award to grant attorneys' fees to respondent was proper and was in the interest of fairness, particularly in light of petitioner's request for such fees at an early juncture of the arbitration proceeding.

We have considered appellant's other contentions and find them unavailing. Concur—Nardelli, J.P., Andrias, Buckley, Rosenberger and Friedman, JJ.